714 F.2d 340
 46 Fair Empl.Prac.Cas. (BNA) 1766,
32 Empl. Prac. Dec. P 33,765
Nathaniel WELLS and Jerry Allen, individually and on behalf
of the class of persons, prospective employees and employees
of the Alcoholic Beverage Control Stores of the State of
North Carolina and Durham County similarly situated, Appellees,
v.
The NORTH CAROLINA BOARD OF ALCOHOLIC CONTROL; Marvin
Speight, Chairman, the North Carolina Board of Alcoholic
Control, individually and in his official capacity; Clark
S. Brown, and Zeb D. Alley, members, North Carolina Board of
Alcoholic Control, individually and in their capacities, Defendants,
and
The Durham County Board of Alcoholic Control; C.H. Lewis;
L.G. Martin; and Ruth Dailey, members, Durham
County Board of Alcoholic Control,
individually and in their
capacities, Appellants.
 No. 82-1796.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 11, 1983.
Decided Aug. 8, 1983.
 
 William V. McPherson, Jr., Durham, N.C., for appellants.
 Robert S. Mahler, Durham, N.C. (Thomas F. Loflin, III, Loflin & Loflin, Durham, N.C., on brief), for appellees.
 Before WIDENER and PHILLIPS, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 HAYNSWORTH, Senior Circuit Judge:
 
 
 1
 In this Title VII case (42 U.S.C.A. § 2000e, et seq.), the district court found that the defendant, Durham County Board of Alcoholic Control (ABC), had violated the Act by failing to promote Nathaniel Wells to a position of "Sales Clerk" because of his race and in discharging him in retaliation for his having filed complaints of racial discrimination with the EEOC. The court awarded Wells the difference in the pay scale for a Sales Clerk and a "Stock Clerk," the position Wells held from August 1974, when promotion was wrongfully denied, to September 1975 when he left his employment with ABC, plus back pay after that date. The defendant was also ordered to hire Wells for the next available Sales Clerk Position.
 
 
 2
 The ABC now concedes that discrimination was shown in the failure to promote Wells to a Sales Clerk position, but contests the finding that Wells was constructively terminated in retaliation for his complaints. It thus seeks to avoid the obligation to pay Wells back pay after termination of his employment in September 1975 and to reemploy him into a Sales Clerk position.
 
 
 3
 We affirm the district court's judgment.
 
 I.
 
 4
 The position of Stock Clerk requires bending and strenuous lifting to move cases of liquor. In contrast, Sales Clerks are primarily responsible for operating the cash register.
 
 
 5
 Wells had been a full time Stock Clerk at ABC since 1969. He was regarded as a good worker, and in June 1974, he requested consideration for promotion to the position of Sales Clerk. Notwithstanding that request, a few weeks later a white man, who had no previous experience working with ABC, was hired into a position of Sales Clerk. Denial of that promotion to Wells is now conceded to have been racially discriminatory.
 
 
 6
 In September 1974, Wells injured his back. He returned to his job as Stock Clerk after a two-week absence, but he reinjured his back in June 1975. After having been out for some time, he returned to work but requested a light duty assignment. His physician wrote to Mr. Leathers, the ABC general manager, stating that continued heavy lifting threatened further injury to his patient's back. Nevertheless, equipped with a corset and a neck collar, Wells continued in his employment as a Stock Clerk. Wells required further treatment of his back in September 1975, and his physician again wrote to Leathers saying that Wells should not be required to lift more than ten to fifteen pounds. Leathers did nothing to relieve Wells of his heavy lifting duties, and finally responded to a request for lighter duty by advising Wells to "[t]ake a leave of absence or go find yourself another job." Wells did not return to work after September 22, 1975.
 
 II.
 
 7
 The defendant contends the award of back pay accruing after September 22, 1975 can be sustained only if its failure to give Wells light work duty constituted a constructive discharge in retaliation for having filed complaints of racial discrimination. Because it contends there was no evidence that it acted to make the job unattractive to Wells, Muller v. United States Steel Corp., 509 F.2d 923 (10th Cir.1975), it concludes there was insufficient evidence of a constructive discharge.
 
 
 8
 We think the back pay award was proper whether or not Wells was constructively discharged. It is now undisputed that the defendant wrongfully refused to promote Wells in August 1974 to a position of Sales Clerk. Had he not been wrongfully denied that promotion to relatively light work, it may reasonably be inferred that he would not have suffered an injury to his back or that any back problem would have been less severe. There was testimony indicating that the back injury was a result of strain from lifting, not of any degenerative or chronic disease. Wells reasonably ended his employment for reasons beyond his control, reasons which were causally linked to the defendant's wrongful denial of a promotion.
 
 
 9
 Indeed, the termination of his employment has no relevance to his entitlement to a back pay award during the post-employment period. It bears only upon the amount of the award. Wells was entitled to a back pay award from the time he was wrongfully denied the promotion he sought, but he was under a duty to mitigate his losses. In light of the uncontradicted back problems that developed, the duty of mitigation did not require that he continue in the job of Stock Clerk with its heavy lifting duties.
 
 
 10
 Under these circumstances, we conclude that the award of back pay accruing after September 22, 1975 to the date of judgment and the order of reemployment in a position of Sales Clerk were proper.
 
 
 11
 The defendant correctly contends that the physician's letters were properly admitted only for the purpose of showing that the defendant had notice of the back injury and condition and not for the truth of the content of the letters. However, the plaintiff's own testimony adequately showed that his back condition hindered him in the performance of the heavy duties as Stock Clerk and warranted his abandonment of that position when the defendant refused to promote or transfer him to light work.
 
 III.
 
 12
 We have considered ABC's other contentions, and find them to be without merit. For the reasons set forth above relating to the award of back pay and reinstatement, and for the reasons set forth in the district court's opinion on the other issues, we affirm.
 
 
 13
 AFFIRMED.